## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

MEGAN VOEKS, Individually and on Behalf of
All Others Similarly Situated,

     Plaintiff,

  v.

MERCANTILE ADJUSTMENT BUREAU, LLC,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 19-cv-725

**AMENDED CLASS ACTION
COMPLAINT**

**Jury Trial Demanded**

### INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

### PARTIES

3. Plaintiff Megan Voeks is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

5. Defendant Mercantile Adjustment Bureau, LLC ("Mercantile") is a foreign limited liability corporation with its principal offices located at 165 Lawrence Bell Drive, Suite 100, Williamsville, NY 14221.

6.      Mercantile is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7.      Mercantile is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Mercantile is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8.      On or about March 16, 2019, Mercantile mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached as Exhibit A.

9.      Upon information and belief, the alleged debt referenced in Exhibit A was incurred for personal, family, or household purpose. Plaintiff does not own or operate a business.

10.     Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11.     Upon information and belief, Exhibit A is a form debt collection letter, used by Defendant to attempt to collect alleged debts.

12.     Exhibit A is a form letter that does not require an envelope because it is a "folded self-mailer." *See Sears, Roebuck & Co. v. United States Postal Serv.*, 134 F. Supp. 3d 365, 370 (D.D.C. Sept. 30, 2015) ("a folded self-mailer is formed from a single sheet of cardstock that is folded once on the right side (the leading edge), addressed on the front, and sealed to make a letter-sized mailpiece.").

13.     Folded self-mailers like Exhibit A are eligible for special low postage rates because of the ease of automated processing. *Sears*, 134 F. Supp. 3d at 371.

14.     Folded self-mailers like <u>Exhibit A</u> usually use a gumming agent like glue to seal the mailer, which "prevent[s] the open edges from fanning out and jamming high-speed processing equipment." *Sears*, 134 F. Supp. 3d at 371.

15.     Where a self-folded mailer is used for a debt collection letter, the letter also must remain sealed to prevents disclosure of the debt and comply with the FDCPA. *See* 15 U.S.C. § 1692c(b).

16.     <u>Exhibit A</u> appears to list a "Creditor" associated with Plaintiff's alleged debt; however, the "Creditor" and other information specific to the alleged debt in question were disclosed in the location on the self-folded mailer where the gumming agent was used to seal the mailer.

17.     As a result of the placement of this information and the gumming agent within <u>Exhibit A</u>, it became impossible to determine the name of the creditor once the letter was opened because this information was attached to the gumming agent when it became separated from the face of the letter.

18.     Upon information and belief, Defendant deliberately places this information in a location that makes it impossible to read once the letter is opened, with the express purpose of inducing alleged debtors to call Defendant's offices, whereupon Defendant uses high-pressure tactics to induce alleged debtors into paying the debts Defendant is collecting. *DeGeorge v. Fin. Recovery Servs.*, 2012 U.S. Dist. LEXIS 140966, at *25 (E.D. Penn. Sept. 27, 2012) (plaintiff stated claim that defendant engaged in unfair debt collection practices by sending letters that "required plaintiff to contact defendant to take advantage of a discount, thereby exposing plaintiff to additional pressures of in-person communication.");

19.     Plaintiff was confused by <u>Exhibit A</u>.

Case 2:19-cv-00725-LA   Filed 05/14/19   Page 3 of 8   Document 1

20.     The unsophisticated consumer would be confused by <u>Exhibit A</u>.

### *The FDCPA*

21.     The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp. Solutions*, 2018 U.S. Dist. LEXIS 50016, *12, 2018 WL 1513043 (E.D. Wis. March 27, 2018); *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a

4

lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

22.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

23.     15 U.S.C. § 1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24.     15 U.S.C. § 1692e(2)(A) specifically prohibits: "The false representation of---the character, amount, or legal status of any debt."

25.     15 U.S.C. § 1692e(10) specifically prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt."

26.     15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

**COUNT I – FDCPA**

27.     Plaintiff incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

28.     By placing critical information specific to the alleged debt in a location where that information would become attached to the self-folded mailer's gumming agent, Exhibit A makes it impossible for the debtor to read that information once the letter was opened.

29.     Defendant placed this information in this location with the purpose of inducing alleged debtors to contact Defendant, whereupon Defendant would engage in high-pressure tactics in order to induce alleged debtors to pay debts that Defendant was collecting, possibly at the expense of payment to other debt collectors who were not engaging in such deceptive conduct.

30.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

**CLASS ALLEGATIONS**

31.     Plaintiff bring this action on behalf of a proposed class, consisting of: (a) all natural persons in the State of Wisconsin, (b) to whom Defendant Mercantile sent a collection letter, in the form of Exhibit A to the complaint in this action, (c) for an alleged debt which was incurred for personal, family, or household purposes, (d) between May 14, 2018 and May 14, 2019, inclusive, (e) that was not returned by the postal service.

32.     The class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the class.

33.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.  The predominant common question is whether Exhibit A violates the FDCPA and/or the WCA.

6

34.     Plaintiff's claims are typical of the claims of the members of each Class.  All are based on the same factual and legal theories.

35.     Plaintiff will fairly and adequately represent the interests of the members of the class. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

36.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

37.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)     declaratory relief;

(b)     injunctive relief;

(c)     actual damages;

(d)     statutory damages;

(e)     attorneys' fees, litigation expenses and costs of suit; and

(f)     such other or further relief as the Court deems proper.

Dated:  May 14, 2019

                                   **ADEMI & O'REILLY, LLP**

                        By:     /s/ John D. Blythin
                                John D. Blythin (SBN 1046105)
                                Mark A. Eldridge (SBN 1089944)
                                Denise L. Morris (SBN 1097911)
                                Jesse Fruchter (SBN (1097673)

7

Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com

8